UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY WORLEY, a/k/a ARYANA WORLEY,

Plaintiff,

v.

STEVE HAMMOND, et al.,

Defendants.

Case No. 3:17-cv-05497-RJB-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on plaintiff's Motion to Extend Time, Dkt. 14, in which plaintiff also asked the Court to appoint counsel. On November 20, 2017, the Court granted plaintiff's motion for an extension of time to respond to defendants' motion to dismiss but reserved the issue of appointing counsel. Dkt. 18. The Court now considers that issue and determines that appointment of counsel is not warranted under the present circumstances of this case.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL - 1

1    The Court previously granted plaintiff's application to proceed *in forma pauperis*. Dkt. 2;
2    28 U.S.C. § 1915(e)(1).

3    To decide whether exceptional circumstances exist, the Court must evaluate both "the
4    likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro*
5    *se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328,
6    1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff
7    must plead facts that show he has an insufficient grasp of the case or the legal issue involved,
8    and an inadequate ability to articulate the factual basis of the claim. *Agyeman v. Corrections*
9    *Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better
10   served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

11   While plaintiff's complaint names two individual defendants, Steve Hammond and Karie
12   Rainer, it fails to provide facts that could reasonably support an Eighth Amendment claim for
13   damages against either of them in their personal capacity, even when the complaint is liberally
14   construed. To obtain relief against a defendant under 42 U.S.C. § 1983, plaintiff will need to
15   prove that the particular defendant has caused or personally participated in causing the
16   deprivation of a particular protected constitutional right. *Arnold*, 637 F.2d at 1355. But the
17   complaint alleges no facts specific to either named defendant. Conclusory and unsupported
18   allegations against "defendants" in general are insufficient. *See Sherman v. Yakahi*, 549 F.2d
19   1287, 1290 (9th Cir. 1977). To the extent the plaintiff is asserting violations of her constitutional
20   rights by these defendants in their official capacity solely for State policies and practices that
21   would be addressed by prospective-only injunctive relief, the case at this stage is not developed
22   and the Court cannot assess the likelihood of any party's success on the merits.

Because plaintiff has not shown a likelihood of success, this case presently lacks the "exceptional circumstances" that would justify appointment of counsel. *Wilborn*, 789 F.2d at 1331. Accordingly, the portion of plaintiff's Motion to Extend Time, Dkt. 14, requesting appointment of counsel is **DENIED.**

Dated this 8th day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge